## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br>a municipal corporation<br>1200 First St., N.E., 5th Floor<br>Washington, DC 20002<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Potomac Electric Power Company<br>701 Ninth Street, N.W.<br>Washington, D.C. 20068<br><br>Pepco Energy Services, Inc.<br>1300 North 17th Street<br>Suite 1600<br>Arlington, VA 22209<br>　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff, the District of Columbia, on behalf of the District Department of the Environment (collectively, the "District" or "Plaintiff"), brings this action against Defendants, Pepco Energy Services, Inc., and Potomac Electric Power Company (collectively, "Pepco" or "Defendant"), for liability under the Resource Conservation and Recovery Act ("RCRA"), and under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and under Section 401(a)(2) of the District of Columbia Brownfield Revitalization Act of 2000 ("DCBRA").

### PARTIES

1.　　Plaintiff brings this action pursuant to Section 7002(a)(1)(B) of the Resource Conservation and Recovery Act ("RCRA"), and under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and under [Section 401(a)(2)] of the District of Columbia Brownfield Revitalization Act of 2000 ("DCBRA"). DDOE is the District of Columbia government agency charged with enforcing the District's environmental laws, regulations and programs (D.C. Official Code § 8-151.03(a)).

2.     Defendant, Potomac Electric Power Company, is a regulated electric utility delivering electricity to customers in Washington, D.C., and its Maryland suburbs. Defendant, Pepco Energy Services, Inc., is a leading provider of deregulated energy and energy-related services for residential, small business and large commercial customers. Defendants' parent company, Pepco Holdings, Inc. ("PHI"), operates as a diversified energy company, and is headquartered in Washington, D.C. PHI is one of the largest energy delivery companies in the Mid-Atlantic region.

## JURISDICTION

3.     This Court has subject matter jurisdiction over the Defendant pursuant to RCRA § 7002(a)(2); 42 U.S.C. § 6972(a)(2), as well as CERCLA § 107; 42 U.S.C. §§ 9607, 28 U.S.C. §§ 1331 and 1367, and other applicable law. This Court also has personal jurisdiction over Defendant, since Defendant is incorporated in Washington, D.C.

## BACKGROUND

4.     Between 1985 and 2003 there were six (6) documented releases of polychlorinated biphenyls ("PCBs") (hereinafter collectively referred to as the "1985-2003 PCB releases") into the environment at Defendant's facility, located at 3400 Benning Road, N.E., Washington, D.C. 20019 (the "Facility"). Although Pepco conducted remedial actions in response to each of these releases in accordance with applicable legal requirements, because of the Facility's proximate location to the Anacostia River, the PCBs that have been released at the Facility over time have migrated from the property into the sediment of the adjacent Anacostia River via the storm water system, overland flow or groundwater discharge.

Pursuant to RCRA, solid waste is defined to include PCBs, as follows "any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and <u>other discarded material, including solid, liquid</u>, semisolid, or contained gaseous material <u>resulting from industrial, commercial</u>, mining, and agricultural operations, and from community activities" *(emphasis added to reflect applicable language in the present case)* (42 U.S.C. § 6903(27)). Similarly, PCBs are listed under CERCLA as a hazardous substance (40 CFR § 302.4), and DCBRA also recognizes PCBs as a hazardous substance, by defining that term as "any substance designated as a hazardous substance pursuant to section 101(14) of CERCLA (D.C. Official Code § 8-631.02(8))."

Once PCB's are released into the environment they do not readily break down and therefore may remain for long periods of time cycling between air, water, and soil. PCBs can also be taken up into the bodies of small organisms and fish. As a result, people who ingest fish may be

exposed to PCBs that have bioaccumulated in the fish they are ingesting. PCBs have been demonstrated to cause a variety of adverse health effects, including cancer.

EPA Region 3's reported Biological Technical Assistance Groups (BTAG) levels for Aroclor-1254 and Aroclor-1260 are 59.8 µg/kg. The lowest values of PCBs found in the Anacostia sediment were reported in samples immediately upstream from the Facility. The maximum concentration reported was 1,700 µg/kg of Aroclor-1260, detected from a sediment sample collected in an inlet located along the Anacostia River where two or more storm water outfalls discharge, one of which receives storm water drainage from the Facility. The second highest concentrations of PCBs (Aroclor-1254 of 1,000 µg/kg and Aroclor-1260 of 1,100 µg/kg) were detected directly downstream of these outfalls.

Pepco's discharge of PCBs into the Anacostia has contributed to conditions which may pose an imminent and substantial endangerment to aquatic life in the Anacostia River, and to human health. The conditions at the Facility result from Pepco's generation, management and disposal of hazardous substances, and Pepco, as a "generator", may be liable for the costs of abating such conditions.

5. On October 8, 2010, the District issued a Notice of Intent to Sue to Defendant, pursuant to 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B). According to the U.S. Postal Service Return Receipt, Defendant received the Notice on October 12, 2010.

6. The Notice of Intent to Sue notified Defendant that the District would be seeking, in its complaint, (1) a declaration of liability under the Acts; (2) reimbursement of costs to be incurred by the District for response actions and oversight undertaken to address the potential release and/or threat of release of solid wastes at or from the Facility, together with accrued interest; and (3) performance of a remedial investigation and feasibility study ("RI/FS") by Pepco for the Facility and an area of the Anacostia River sediment proximate to the Facility, consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP"), CERCLA, and all applicable U.S. EPA and District guidance and policy.

## STATUTORY BACKGROUND

7. The Mayor of the District of Columbia ("Mayor") is charged with enforcing the District's environmental laws, including by bringing civil actions to enforce these laws (D.C. Official Code §§ 8-631.01, et. seq.). Pursuant to D.C. Code § 8-151.02(a), DDOE was established by the D.C. Council to implement and oversee District and federal environmental laws.

8. Section 7002(a)(1)(B) of the Resource Conservation and Recovery Act ("RCRA"); 42 U.S.C. § 6972(a)(1)(B), provides the District with the authority to initiate a civil action, in the United States District Court for the District of Columbia, against Pepco, as a "past" "generator" for contributing to past handling, storage and disposal of solid waste (including PCB's), which presents an imminent and substantial endangerment to health and the environment.

9. Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"); 42 U.S.C. § 9607, makes any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, liable for all costs associated with any removal or remedial action incurred by a State.

10. DCBRA authorizes the Mayor of the District of Columbia to issue an administrative order, ordering a responsible party to perform a response action (D.C. Official Code § 8-634.01(a)(2)). In addition, DCBRA makes any responsible party who causes or contributes to the contamination of a property strictly, jointly and severally liable for the costs of abatement actions, or remedial cleanup taken by the District (D.C. Official Code § 8-632.01(b)).

**Count I**

11. Paragraphs 1 through 10 set forth above are incorporated herein in full by this reference.

12. Pepco is liable under DCBRA to perform remedial actions ordered by the District, and for reimbursing the District its response costs (D.C. Official Code §§ 8-632.01(b) and 8-634.01(a)(2)).

13. Pepco is liable under RCRA for having contributed or for contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste, (42 U.S.C. § 6972(b)(2)(A)(iii)).

14. Pepco is liable under CERCLA for reimbursing the District all costs incurred by it and associated with any removal or remedial action (42 U.S.C. § 9607).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Pepco is liable to pay the District's response costs under the District's Brownfield Revitalization Act, D.C. Official Code §§ 8-631.01, *et seq.*, the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901, *et seq.*, and the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et. seq.*;

b. Declare that Pepco is liable for abatement of the conditions described in this Complaint and which may present an imminent and substantial endangerment to health and the environment, as provided by RCRA § 7002(a)(1)(B); 42 U.S.C. § 6972(a)(1)(B));

c. Award Plaintiff its past, present, and future response costs, expenses, and other sums;

d. Grant plaintiff such other and further relief as this Court deems just and equitable.

Dated: _January 26_, 2011

                           Respectfully submitted,

                           IRVIN B. NATHAN
                           Acting Attorney General for the
                           District of Columbia

                           ELLEN EFROS
                           Assistant Deputy Attorney General
                           Civil Litigation Division

_____
KIMBERLY KATZENBARGER (DC Bar # 476049)
Acting General Counsel
District Department of the Environment
1200 First Street, N.E., 5th Floor
Washington, D.C. 20002
Telephone Number: (202)535-2608
kimberly.katzenbarger@dc.gov

_____
GABRIELA DELGADILLO (DC Bar # 501166)
Assistant Attorney General
District Department of the Environment
1200 First Street, N.E., 5th Floor
Washington, D.C. 20002
Telephone Number: (202)481-3845
gabriela.delgadillo@dc.gov

Attorneys for the District of Columbia